Luis Felipe **VELAZQUEZ–RIVERA,** et al., **Plaintiffs, Appellants,**

v.

**SEA–LAND SERVICE, INC.,** et al., **Defendants, Appellees.**

No. 90–1371.

United States Court of Appeals, First Circuit.

Heard Sept. 13, 1990.

Decided Dec. 18, 1990.

Michael Avery with whom Leonardo Llequis, was on brief, for plaintiffs, appellants.

Nicolas Delgado–Figueroa, on brief, for appellees.

Before SELYA, Circuit Judge, COFFIN and BOWNES, Senior Circuit Judges.

COFFIN, Senior Circuit Judge.

After appellants' attorney failed to appear for a scheduled pretrial conference, the district court dismissed the complaint and fined the attorney $1,000. Appellants argue on appeal that, while sanctions were appropriate, dismissal of the action constituted an abuse of discretion. We agree that, in the circumstances of this case, the court imposed an excessive sanction and we therefore vacate the dismissal.

## I. FACTS

This action was instituted as a grievance filed with the Puerto Rico Labor Relations Board by seven plaintiffs. The Board issued a complaint against both the defendant union and the company on behalf of two plaintiffs, Luis Felipe Velazquez–Rivera and Santos Correa. Defendants, in early April 1989, removed the action to federal district court. On April 20, 1989, the Puerto Rico Labor Relations Board withdrew from representation of the plaintiffs in accordance with its fiscally-motivated policy of not representing claimants in actions removed to the federal courts.

On May 4, 1989, the district court ordered plaintiffs to retain counsel within 15 days, and on May 17, scheduled a pretrial

conference for October 26, 1989. On July 19, the court gave notice to the plaintiffs that if they did not retain counsel, the court would have no alternative but to force them to proceed *pro se*, and gave five days for plaintiffs to comply. Shortly before the scheduled pretrial conference in October, the plaintiffs finally retained counsel of record, Leonardo Llequis. He, however, informed the plaintiffs that previously scheduled appointments would prevent him from attending the October 26th pretrial conference. The plaintiffs appeared personally and requested a later pretrial conference, and the court rescheduled the session for November 20. Attorney Llequis was notified by telephone.

On November 14, Llequis met with defendants' attorneys to agree upon the pretrial report. A thorough report was drafted; the defendants then prepared and signed a final copy, which was mailed to Llequis for his signature and filing. On November 20, attorneys for appellees appeared for the pretrial conference, but Llequis failed to appear. The court dismissed the action and fined Llequis $1,000. The court made no detailed findings, merely noting on the docket that, although counsel "was notified previously of this hearing by phone," he "did no[t] appear." Llequis subsequently signed and filed the report on November 22, unaware as yet that he had negligently missed the pretrial conference.

After receiving notice of the dismissal, Llequis filed a motion for reconsideration, explaining his negligence. He acknowledged the seriousness of his failure, but indicated that the error was caused by an improper notation in his diary, referring to a pretrial conference for the "Gonzalez" case rather than the "Velazquez" case. After seeing the appointment in his diary, he checked the files of all of his clients named Gonzalez, and, finding no scheduled conference on that date, concluded that he had made an error in notation of the date. He was partially reassured in this belief by the fact that October 26 was a legal holiday in Puerto Rico and Puerto Rico state courts therefore were not in session.[1] He requested that sanctions be imposed as appropriate against himself as attorney, but that, the plaintiffs not being at fault, the dismissal of the action be set aside. The district court denied the motion for reconsideration without comment and entered judgment in accordance with the November 20 order.

## II.  DISCUSSION

### A.  *Relevant Rule*

The court's order did not specify the grounds for dismissal, and Velazquez argues that dismissal must have occurred, but was not appropriate, under Rule 41(b).[2] Dismissal, however, was more specifically authorized by Fed.R.Civ.P. 16(f),[3] which al-

---

1.  At oral argument, appellants' attorney further explained that the calendar notation for the "Gonzalez" case, while incorrect, was an error influenced by the fact that one of the initial grieving parties to the Puerto Rico Labor Relations Board was named Gonzalez. This person was not a part of the action in the district court because the Board had issued a complaint in the names of only two of the seven grieving parties, Velazquez Rivera and Correa. Gonzalez, however, was known to Llequis personally, and was the person who introduced the plaintiffs to Llequis. It nowhere appears that this information was before the district court on its motion for reconsideration, however, so we do not consider it.

2.  Rule 41(b) provides in relevant part:

For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of

an action or of any claim against the defendant.

3.  Rule 16(f) provides:

(f) **Sanctions.** If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard 'thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance

lows the court on its own initiative to impose the sanction of dismissal, where "just," for failure to appear at pretrial conferences.[4] *See Société Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958) (where more specific federal rule applies to the facts, Rule 41(b) is not the authority governing sanctions). Both Rule 37(b)—referenced in Rule 16(f)—and Rule 41(b), however, govern dismissals for failing to comply with court orders. As this court has noted, "[w]hile Rule 37 and Rule 41 address significantly different problems, the same considerations are at work whenever a sanction precludes disposition of a case on the merits." *United States v. Pole No. 3172, Hopkinton*, 852 F.2d 636, 642 (1st Cir.1988). *See also Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987) (indicating that the standards for dismissal are essentially the same under Rules 41(b), 16(f) and 37(b)); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (same). We therefore shall analyze the decision under the strictures of Rule 37(b)(2), as directed by Rule 16(f), but also shall review cases involving dismissals for failure to appear at pretrial conferences and similar disobedience of court orders that have been analyzed under Rule 41(b) and the court's inherent power.

## B. *Standard of Review*

■ The choice of sanctions for failing to comply with a court order lies with the district court, and we may not lightly disturb a decision to dismiss. *Spiller v. U.S.V. Laboratories, Inc.*, 842 F.2d 535, 537 (1st Cir.1988). The question is not whether we would have imposed a more lenient penalty had we been sitting in the trial judge's place, but whether the court abused its discretion in imposing the sanction it did. *Id.* at 537 (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976)).

■ This does not mean, however, that we will rubber-stamp the decisions of the district court. *See Damiani v. Rhode Island Hospital*, 704 F.2d 12, 17 (1st Cir. 1983). Both Rules 16(f) and 37(b) allow the imposition of only those sanctions that are "just." As we have noted, "[d]ismissal with prejudice 'is a harsh sanction,' *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir.1971), which runs counter to our 'strong policy favoring the disposition of cases on the merits.'" *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir.1990) (quoting *Zavala Santiago*, 553 F.2d at 712). *See also Pole No. 3172*, 852 F.2d at 642.[5] While the most severe sanc-

---

was substantially justified or that other circumstances make an award of expenses unjust.
Rule 37(b)(2)(C) authorizes as a sanction:
An order ... dismissing the action or proceeding or any part thereof ... against the disobedient party.

**4.** Prior to 1983, Rule 16 contained no specific provision for sanctions, although courts did not hesitate to enforce failures by appropriate sanctions. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (relying on the inherent power of the court); *Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712–13 (1st Cir.1977) (relying on Rule 41(b)). Rule 16(f) was added to "reflect that existing practice and to obviate dependence upon Rule 41(b) or the court's inherent power to regulate litigation," Notes of Advisory Committee on Rules, 1983 Amendment, Subdivision (f); Sanctions. The rule incorporates by reference portions of Rule 37(b)(2), which governs sanctions for failure to comply with discovery orders. Rule 16(f) was not, however, intended to alter the standard

for dismissal of an action for misconduct. *See id.* (suggesting that the purpose was "to reflect th[e] existing practice"); *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1518 (5th Cir.1985) (16(f) was not intended to change the standard for dismissal).

**5.** The district court did not indicate whether dismissal in this case was with or without prejudice. We note, however, that in the absence of any notation to the contrary, we presume that a dismissal is with prejudice. *See* Fed.R.Civ.P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."); *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir.1985) (dismissal under Rule 16(f) not explicitly without prejudice is governed by Rule 41(b) language, and operates as a dismissal with prejudice).

tion of dismissal must be available not merely to penalize egregious conduct but also to deter such conduct, *National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781, fairness requires that some limits be placed on its use.

In determining whether conduct is sufficiently serious to warrant the harsh action of dismissal, the court must consider all of the factors involved, *Damiani*, 704 F.2d at 17. A court is not necessarily required to take less severe action before imposing the sanction of dismissal, *Farm Constr. Services, Inc. v. Fudge*, 831 F.2d 18, 20 (1st Cir.1987), but dismissal should be employed only if the district court has determined that it could not fashion an "equally effective but less drastic remedy," *Pole No. 3172*, 852 F.2d at 642. *See also Enlace Mercantil Internacional, Inc. v. Senior Industries, Inc.*, 848 F.2d 315, 317 (1st Cir.1988); *Zavala Santiago*, 553 F.2d at 712.

## C. *Application*

We have reviewed numerous cases from our circuit involving dismissals to aid our determination of whether the conduct at issue here was sufficiently culpable to warrant the most severe penalty. We find no case in which a plaintiff's misconduct has been so limited in both time and incidents, so bereft of any suggestion of purpose or bad faith, and so devoid of disadvantage to the adverse party and the progress of the litigation. In sum, what happened were two failures of plaintiffs at the outset to obtain counsel, resulting in a warning by the court that they would be required to go ahead at a pretrial conference without counsel; a belated successful retention of counsel resulting in a month's extension of the conference; and a final inadvertent [6] if inexcusable failure of counsel to attend the conference in preparation for which he had diligently helped adversarial counsel to prepare the underlying report. We conclude, after reviewing the factors this court previously has considered significant, that this misconduct is insufficient to warrant the extreme sanction of dismissal.

We begin by noting that plaintiffs' initial lack of representation was not willful; they were forced to obtain new counsel because defendants removed the case to federal court. Although this lack of responsibility does not excuse tardy compliance with the court's order to acquire counsel, this type of disobedience must be distinguished from more deliberate avoidance of discovery or delays in filing required pleadings, particularly where the only apparent delay caused by the disobedience is the postponement of one pretrial conference. Addressing the default that actually triggered the dismissal—counsel's failure to appear at the pretrial conference—we think that the record is clear that this was the result of a simple mistake, not the result of willfulness or bad faith. In addition, only days before the conference date, Llequis had met with defense counsel to prepare the pretrial report, and the defendants brought the report to the conference. The court therefore had no reason to believe that plaintiffs' attorney deliberately was neglecting the case. *Cf. Barreto v. Citibank, N.A.*, 907 F.2d 15, 16 (1st Cir.1990) (deliberate failure to answer interrogatories by deadline despite express denial of extension by court and order to comply); *Morgan v. Massachusetts General Hosp.*, 901 F.2d 186, 195 (1st Cir.1990) (appellant willfully violated procedural rules and court orders); *Spiller*, 842 F.2d at 537 (reasonable to infer willfulness from repeated failure to produce ordered discovery); *Farm Constr. Services*, 831 F.2d at 21 (intentional disregard of court orders on repeated occasions); *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 12 (1st Cir.1985) (history of evasiveness and deliberate intransigence); *Damiani*, 704 F.2d at 14 (repeated delays in answering interrogatories despite extended deadlines and "woefully inadequate" compliance

---

**6.** The defendants do not contend that plaintiffs' counsel's failure to appear represented anything other than negligence, so we accept plaintiffs' contention to this effect. Indeed, there would appear to be no motive for counsel not to appear after meeting with defendants to prepare the pretrial report.

found "willful" and "intentional"). While the conduct here likely represents "fault"[7] on the part of the plaintiffs, this court previously has declined to affirm a dismissal in part because there was no willful disobedience. *See Pole No. 3172*, 852 F.2d at 641–42 (failure to appear at deposition could not be found to be willful). *See also Richman v. General Motors Corp.*, 437 F.2d 196, 199–200 (1st Cir.1971) (dismissal inappropriate because negligent and ineffective conduct by counsel was not contumacious).

It is equally evident that there was no long procedural history indicating protracted inaction or deliberate delay, and the district court has not yet expended significant time in this case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (six-year history); *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir.1987) (must be extremely protracted inaction in the absence of other aggravating circumstances to warrant dismissal under Rule 41(b)); *Figueroa Ruiz*, 896 F.2d at 649 (relatively short history and little expenditure of court time in the absence of other factors would have counseled lesser sanction). Instead, the conduct was relatively isolated, not representing a pattern of negligent behavior. *See Affanato v. Merrill Bros.*, 547 F.2d 138, 141 (1st Cir.1977) ("isolated oversights should not be penalized by [the harshest of sanctions]"). *See also* 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1531 at 312 (2d ed. 1990) (Dismissal under Rule 16 has been considered an appropriate sanction where the party "has engaged in a pattern of disobedience or noncompliance with court orders, including failing to appear at scheduled conferences, so that the court concludes that no lesser sanction is warranted. Parties should not be denied relief solely because of a procedural error or unless clearly contumacious

behavior is involved, however. Dismissals under those circumstances would be an abuse of discretion."). We find no indication that the failure to appear here was representative of the attorney's general practice. Indeed, the facts suggest that counsel was diligent in attempting to resolve the puzzling "Gonzalez" notation.

In assessing both the absence of willfulness and the absence of patterned delay, we find two binding authorities particularly instructive and supportive. In *Link*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 counsel deliberately chose not to attend a pretrial conference for his own convenience. The Supreme Court affirmed the dismissal, observing that there had been a protracted history of litigation, from which "it could reasonably be inferred ... that petitioner had been deliberately proceeding in a dilatory fashion," *id.* at 633, 82 S.Ct. at 1390. Similarly, in *Zavala Santiago*, 553 F.2d at 712, this court held that the trial court did not abuse its discretion in dismissing an action under Rule 41(b) where an attorney's absence from a pretrial conference followed earlier failures to produce witness affidavits and to comply with the court's discovery schedule.

Here, by contrast, while the plaintiffs were slow to acquire counsel, there is no evidence in the record that discovery was impeded or that deliberate delay occurred. In addition, as appellees apparently concede, counsel failed to attend the pretrial conference because of simple mistake, not conscious choice, as was present in *Link*. While in *Zavala* the action had been alive for even less time than in this case (four as opposed to seven months), the action here nevertheless was young and the nature of plaintiffs' delay significantly less culpable than the avoidance of discovery orders present in *Zavala*.[8]

---

**7.** *See Rogers*, 357 U.S. at 212, 78 S.Ct. at 1096 (Rule 37 "should not be construed to authorize dismissal because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not willfulness, bad faith, or any *fault* of petitioner.") (emphasis added).

**8.** We also think it helpful to compare this case with our decision in *Richman*, 437 F.2d 196, where we reversed the dismissal of an action under Rule 41(b) in circumstances that were arguably more egregious. There, the case had earlier been dismissed upon a failure of counsel to appear at a meeting to assign a trial date. After hearing, the district court vacated the dis-

In addition to the two factors just discussed, we also note that this is not a case where the plaintiff received and ignored earlier warnings of the consequences of the misconduct in question. The only articulated possibility was that of being forced to proceed *pro se* if counsel were not obtained. *Cf. Barreto*, 907 F.2d at 16 (warnings of sanctions for failure to comply); *HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 918 (1st Cir.1988) ("[W]here a non-compliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal."); *Spiller*, 842 F.2d at 537 (earlier motions to dismiss and warnings); *Farm Constr. Services*, 831 F.2d at 21 (warnings); *Ganapolsky v. Keltron Corp.*, 823 F.2d 700, 701 (1st Cir.1987) (continuing failure to comply despite earlier monetary sanctions); *Corchado v. Puerto Rico Marine Management, Inc.*, 665 F.2d 410, 412 (1st Cir.1981) (warning).[9]

Moreover, there was no evidence here of prejudice to the opposing party. *See Pole No. 3172*, 852 F.2d at 641 (dismissal reversed in part because of no prejudice); *Figueroa Ruiz*, 896 F.2d at 649 (little prejudice to defendant was a factor pulling against dismissal). The defendants, in fact, do not argue that the sanction was appropriate; on the contrary, they suggest that the plaintiffs' attorney was diligent and argue only that the district court should be affirmed on the merits of the plaintiffs' action.[10]

Finally, this was not a case in which dismissal would serve to deter violations by other parties, *see National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781, and *Piper*, 447 U.S. at 764, 100 S.Ct. at 2463. Although the threat of severe sanctions for any infraction will tend to make attorneys diligent, even diligence will not prevent all human error. Inadvertent failures such as occurred here should be sanctioned to compensate both the court and the opposing party for harm caused, but we see little, if any, additional deterrence to be accomplished here by exercising the ultimate sanction of dismissal.

Taking these factors together, we are persuaded that the district court had an insufficient basis for concluding that other sanctions would not have been equally effective. *See Pole No. 3172*, 852 F.2d at 642. Accordingly, we conclude that the court abused its discretion in dismissing the case.

In order to reassure ourselves that we have not taken an idiosyncratic approach in reaching our conclusion, we have made a brief survey of case authority in other circuits involving comparable failures to com-

---

missal. The case was later dismissed again when plaintiff sought a continuance immediately before the scheduled trial date because he had been unable to reach necessary expert witnesses. While this court observed that plaintiff's counsel had in large measure been responsible for the difficulties, it reversed the dismissal as an unduly harsh sanction.

**9.** This factor may not be controlling, *see Link*, 370 U.S. at 633, 82 S.Ct. at 1390 ("[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint ... even without affording notice of its intention to do so or providing an adversary hearing before acting."). But the Court in *Link* expressly noted that due process concerns "turn[ ], to a considerable extent, on the knowledge which the circumstances show [the affected] party may be taken to have of the consequences of his own conduct." *Id.* at 632, 82 S.Ct. at 1390. *Cf. Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767

and n. 14, 100 S.Ct. 2455, 2464 and n. 14, 65 L.Ed.2d 488 (1980) (sanctions should not be assessed lightly or without fair notice and opportunity for hearing; due process concerns posed by outright dismissal are plainly greater than those presented by assessing attorney's fees); *HMG Property Investors*, 847 F.2d at 918 n. 14 (no due process violation where arguments fully heard and court gave repeated admonitions); *Spiller*, 842 F.2d at 537–38 ("lack of a hearing does not offend due process where the [party] had ample warning of the consequences of his failure to comply with court orders"). However, because of our disposition, we need not address plaintiffs' claim that dismissal without a hearing denied them due process.

**10.** We decline to address appellees' claim that they should prevail on the merits where the district court has not considered the issue and where this court has been provided no briefing on the matter.

ply with court orders, including decisions affirming as well as reversing the sanction of dismissal. We reproduce it in the margin.[11]

We understand the district court's frustration in the face of counsel's failure to appear, and we fully recognize the court's need to control its docket. We thus wholeheartedly endorse the use of stiff sanctions, including dismissal, where appropriate. On the other hand, we suggest that, if the court had tried to set forth in writing the reasons for invoking the severest sanction of dismissal, the lack of fit between provocation and penalty would have become apparent. As we have noted in similar circumstances, "'[a]n abuse of discretion [does not] need [to] be glaring to justify reversal.'" *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373–74 (D.C.Cir.1980)) (court abused discretion in not vacating default judgment). "In a close case, doubts should be resolved in favor of adjudicating contested claims on the merits." 867 F.2d at 79. We find, therefore, that the district court overstepped the bounds of its discretion when it ordered dismissal in this case.

## III. CONCLUSION

The plaintiff has not appealed the imposition of monetary sanctions in the amount of $1,000. We therefore affirm that aspect of the district court's judgment.

*The dismissal is vacated and the case remanded. No costs.*

---

**11.** The following cases are representative of circumstances under which courts have reversed the district court's dismissal of an action. *See Harris v. Callwood,* 844 F.2d 1254 (6th Cir.1988) (dismissal not proper for failure to appear at final pretrial conference, notwithstanding earlier dismissal without prejudice for failure to prosecute); *John v. Louisiana,* 828 F.2d 1129 (5th Cir.1987) (reversing dismissal for failure timely to comply with pretrial orders, despite earlier dismissal for same failure, where delays were more appropriately called negligent than contumacious and where no prejudice); *Shea v. Donohoe Constr. Co., Inc.,* 795 F.2d 1071 (D.C.Cir.1986) (dismissal inappropriate sanction for failure of counsel to appear at three status conferences in three week period); *Hollis v. United States,* 744 F.2d 1430 (10th Cir.1984) (reversing dismissal based on failure to file amended complaint within time specified in court order where defendant not prejudiced and case pending for relatively short time); *Silas v. Sears Roebuck & Co.,* 586 F.2d 382 (5th Cir.1978) (dismissal appropriate only where record of delay or contumacious conduct, and not found here despite failure to answer interrogatories, failure to produce documents, failure to meet and produce pretrial stipulation and failure to appear at pretrial conference); *Dove v. CODESCO,* 569 F.2d 807 (4th Cir.1978) (failure of lead counsel to appear at pretrial conference due to local counsel's ignorance of local rule was not sufficient to warrant dismissal); *Graves v. Kai-*

ser Aluminum & Chem. Co., 528 F.2d 1360 (5th Cir.1976) (failure to appear at pretrial conference does not warrant dismissal despite earlier extensions of filing deadlines where there was no history of failure to prosecute or dilatory actions).

We contrast these cases and our own case with those in which other circuits have affirmed dismissals. *See Ikerd v. Lacy,* 852 F.2d 1256 (10th Cir.1988) (not abuse of discretion to dismiss *without prejudice* and to fine attorney $500 if case refiled for failure to appear at pretrial conference); *Sherman v. United States,* 801 F.2d 1133 (9th Cir.1986) (not abuse of discretion to dismiss where party disregarded court order actively to prosecute related case pending in tax court where action would have resolved dispute in district court case); *Goforth v. Owens,* 766 F.2d 1533 (11th Cir.1985) (dismissal appropriate under both 41(b) and 16(f) where there were repeated delays and failures to appear at conference, submit preliminary statement and appear at trial); *Bomate v. Ford Motor Co.,* 761 F.2d 713 (D.C.Cir.1985) (affirming dismissal where plaintiff failed to appear at pretrial conference after repeated delays in discovery, explicit warnings by court and earlier motions for dismissal); *Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513 (5th Cir.1985) (dismissal proper where there was a clear record of delay and where there was further default in the face of lesser sanctions).