[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS

For The FIRST CIRCUIT

No. 93-1038

HERBERT H. NAIDICH,

Plaintiff, Appellant,

v.

THE MITRE CORPORATION & BARRY M. HOROWITZ,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Cyr and Boudin,
Circuit Judges.

Herbert H. Naidich on brief pro se.

David J. Kerman, Herbert L. Holtz and Ropes & Gray, on brief for

appellees.

June 11, 1993

Per Curiam. The appellant, Herbert H. Naidich, has

appealed the denial of his "motion to reopen" a district

court order dismissing his lawsuit for failure to prosecute

and failure to attend a court session. In the absence of any

designation to the contrary, we treat the court's dismissal

as a dismissal with prejudice. Velazquez-Rivera v. Sea-Land

Serv., Inc., 920 F.2d 1072, 1075 (1st Cir. 1990). Although

such a dismissal is a harsh sanction, we conclude that it was

within the court's permissible discretion in this case.

The gist of the matter is briefly stated. On October 7,

1992, two years after the start of this age discrimination

suit, defendants filed a substantial motion for summary

judgment. The district court on October 13, 1992, issued an

order setting a scheduling conference for October 23 pursuant

to Fed. R. Civ. P. 16(b) and D. Mass. Loc. R. 16.1. The

order specified that its provisions relating to preparation

for the conference were of the utmost importance. By cross

reference, it noted that sanctions including dismissal were

authorized for failure to comply. An opposition to

defendants' motion was due under the governing rules by

October 21.1

1. We reject Naidich's suggestion that the dismissal in this
case was pursuant to D. Mass. Loc. R. 41.1(b), as the case
was not on any "dismissal calendar," as referenced in that
rule.

Naidich neither appeared at the scheduling conference

nor filed a timely opposition to the summary judgment motion.

When Naidich did not appear, the district court dismissed the

case. Naidich then filed a motion to reopen, but he did not

adequately explain his failure to attend the scheduling

conference whose importance had been plainly stressed. Nor

did he adequately explain his failure to file a timely

opposition to the motion for summary judgment. It appears

that Naidich's failure to appear may have been related to

disagreements with defense counsel about the preliminary

steps but there is no doubt that Naidich knew of the

scheduled conference and disregarded that obligation.

There is ample authority for dismissal where court

ordered deadlines or other obligations are ignored by

litigants, Fed. R. Civ. P. 41(b), Link v. Wabash R.R., 370

U.S. 626, 630-31 (1962), and case precedent sustaining such

dismissals as well. Figueroa Ruiz v. Alegria, 896 F.2d 645,

649 (1st Cir. 1990) (dismissal where plaintiffs were guilty

not only of simple delay but of disobedience of a court order

as well); Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710,

713 (1st Cir. 1977) (dismissal where plaintiffs disregarded

court-ordered deadlines and counsel failed to appear at the

pretrial conference).

Equally important, Naidich did not seek leave, at the

time he sought to reopen, to file the tardy opposition. A

-3-

court asked to forgive procedural defaults, and the

consequent waste of its time and resources, ought at the very

least be assured that there is some purpose to reinstating

the case. Evennow we think no such purpose hasbeen made out.

Indeed, because the sanction is a severe one and Naidich

is proceeding pro se, we might find this a close case if

anything filed by Naidich in the district court demonstrated

a substantial defense to the summary judgment motion. But

even now on appeal -- and appeal is too late -- Naidich makes

only conclusory and unsupported assertions that, except for

the defendants' description of the company, every other

statement is "untrue" and defendants' documents are

"forgeries" and "deceptions." Given defendants' quite

thorough and well-documented affidavits -- which strongly

indicate that Naidich's discharge was due to performance and

not age -- Naidich's epithets are of no weight. See

generally Teamsters, Chauffeurs Local No. 59 v. Superline

Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992) (in order to set

aside a judgment, a movant must at least establish, by more

than a purely conclusory allegation, that it possesses a

potentially meritorious claim).

There was no abuse of discretion either in dismissing

this lawsuit or in denying the motion to reopen. The order

of the district court is, therefore, affirmed. Naidich's

"motion to compel," filed in this court and which asks for

-4-

the imposition of sanctions, is denied.

-5-