USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS For The FIRST CIRCUIT ____________________ No. 93-1038 HERBERT H. NAIDICH, Plaintiff, Appellant, v. THE MITRE CORPORATION & BARRY M. HOROWITZ, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ____________________ Herbert H. Naidich on brief pro se. __________________ David J. Kerman, Herbert L. Holtz and Ropes & Gray, on brief for ________________ ________________ _____________ appellees. ____________________ June 11, 1993 ____________________ Per Curiam. The appellant, Herbert H. Naidich, has ___________ appealed the denial of his "motion to reopen" a district court order dismissing his lawsuit for failure to prosecute and failure to attend a court session. In the absence of any designation to the contrary, we treat the court's dismissal as a dismissal with prejudice. Velazquez-Rivera v. Sea-Land ________________ ________ Serv., Inc., 920 F.2d 1072, 1075 (1st Cir. 1990). Although ___________ such a dismissal is a harsh sanction, we conclude that it was within the court's permissible discretion in this case. The gist of the matter is briefly stated. On October 7, 1992, two years after the start of this age discrimination suit, defendants filed a substantial motion for summary judgment. The district court on October 13, 1992, issued an order setting a scheduling conference for October 23 pursuant to Fed. R. Civ. P. 16(b) and D. Mass. Loc. R. 16.1. The order specified that its provisions relating to preparation for the conference were of the utmost importance. By cross reference, it noted that sanctions including dismissal were authorized for failure to comply. An opposition to defendants' motion was due under the governing rules by October 21.1 ____________________ 1. We reject Naidich's suggestion that the dismissal in this case was pursuant to D. Mass. Loc. R. 41.1(b), as the case was not on any "dismissal calendar," as referenced in that rule. Naidich neither appeared at the scheduling conference nor filed a timely opposition to the summary judgment motion. When Naidich did not appear, the district court dismissed the case. Naidich then filed a motion to reopen, but he did not adequately explain his failure to attend the scheduling conference whose importance had been plainly stressed. Nor did he adequately explain his failure to file a timely opposition to the motion for summary judgment. It appears that Naidich's failure to appear may have been related to disagreements with defense counsel about the preliminary steps but there is no doubt that Naidich knew of the scheduled conference and disregarded that obligation. There is ample authority for dismissal where court ordered deadlines or other obligations are ignored by litigants, Fed. R. Civ. P. 41(b), Link v. Wabash R.R., 370 ____ ____________ U.S. 626, 630-31 (1962), and case precedent sustaining such dismissals as well. Figueroa Ruiz v. Alegria, 896 F.2d 645, ______________ _______ 649 (1st Cir. 1990) (dismissal where plaintiffs were guilty not only of simple delay but of disobedience of a court order as well); Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, ________________ _______________ 713 (1st Cir. 1977) (dismissal where plaintiffs disregarded court-ordered deadlines and counsel failed to appear at the pretrial conference). Equally important, Naidich did not seek leave, at the time he sought to reopen, to file the tardy opposition. A -3- court asked to forgive procedural defaults, and the consequent waste of its time and resources, ought at the very least be assured that there is some purpose to reinstating the case. Evennow we think no such purpose hasbeen made out. Indeed, because the sanction is a severe one and Naidich is proceeding pro se, we might find this a close case if anything filed by Naidich in the district court demonstrated a substantial defense to the summary judgment motion. But even now on appeal -- and appeal is too late -- Naidich makes only conclusory and unsupported assertions that, except for the defendants' description of the company, every other statement is "untrue" and defendants' documents are "forgeries" and "deceptions." Given defendants' quite thorough and well-documented affidavits -- which strongly indicate that Naidich's discharge was due to performance and not age -- Naidich's epithets are of no weight. See ___ generally Teamsters, Chauffeurs Local No. 59 v. Superline _________ _____________________________________ _________ Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992) (in order to set ___________ aside a judgment, a movant must at least establish, by more than a purely conclusory allegation, that it possesses a potentially meritorious claim). There was no abuse of discretion either in dismissing this lawsuit or in denying the motion to reopen. The order of the district court is, therefore, affirmed. Naidich's _________ "motion to compel," filed in this court and which asks for -4- the imposition of sanctions, is denied. _______ -5-