Desrocher v. Manchester Body & Fender CV-94-604-SD 08/14/95
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Anthony Desrocher;
Vicki Desrocher

v.                                              Civil No. 94-604-SD

Manchester Body & Fender, Inc.;
Thomas Redburn; Anthony Cilwa;
Travelers Insurance Company

O R D E R

Before the court for consideration are two motions to dismiss filed by defendant Anthony Cilwa and a motion to dismiss filed by defendants Manchester Body & Fender and Thomas Redburn.

1.  Defendant Cilwa's Motion to Dismiss (document 4)

By order of this court dated March 9, 1995, pro se defendant Anthony Cilwa was given until April 14, 1995, to resubmit his motion to dismiss in accordance with the court's instructions.[*] That deadline was extended to July 29, 1995, by the court's further pretrial order of June 29, 1995.

As of the date of this order, Cilwa has not corrected and

---

[*]Cilwa's motion failed to comply with Local Rule 11(c) and therefore did not provide the court with an adequate basis for dismissing the action.

resubmitted his motion to dismiss. The motion he originally filed, which is still pending before the court, is accordingly denied.


## 2. Defendant Cilwa's Motion to Dismiss (document 17)

Defendant Cilwa moves to dismiss this case as it relates to him because "the Plaintiff or their counsel have not shown up for the last two hearings."

The record before the court reveals that plaintiffs and/or their counsel did fail to appear at preliminary pretrial conferences held on February 8, 1995, and March 23, 1995. Plaintiffs have since obtained new counsel, Attorney Peter M. McGrath, who did appear on plaintiffs' behalf at the most recent pretrial conference.

Rule 16(f), Fed. R. Civ. P., gives the court authority to impose sanctions, including dismissal, for failure to appear at pretrial conferences. However, "'[d]ismissal with prejudice "is a harsh sanction," Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971), which runs counter to [this circuit's] "strong policy favoring the disposition of cases on the merits."'" Velazquez-Rivera v. Sealand Servs., Inc., 920 F.2d 1072, 1075 (1st Cir. 1990) (quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990) (quoting Zavala Santiago v.

2

<u>Gonzalez Rivera</u>, 553 F.2d 710, 712 (1st Cir. 1977))).

The court finds that the challenged conduct, when considered in light of this policy, is not "sufficiently serious enough to warrant the harsh action of dismissal . . . ." <u>Id.</u> at 1076. Defendant's motion to dismiss therefore is denied.


<u>3.  Defendants Manchester Body & Fender and Redburn's Motion to Dismiss (document 29)</u>

The above-named defendants move to dismiss plaintiffs' complaint on the ground that plaintiffs failed to comply with the court's order of April 18, 1995, which purportedly required plaintiffs to file an amended complaint or a motion to dismiss with prejudice by May 1, 1995.  However, as indicated in the court's subsequent order of May 19, 1995, "Contrary to the parties' apparent understanding, there is no standing order by which either party is required to file any pleading."  Given that there is no standing order requiring plaintiffs to file an amended complaint or a motion to dismiss with prejudice by May 1, 1995, defendants' motion to dismiss for failure to comply with such an order must be and herewith is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

August 14, 1995

3

cc:  Peter G. McGrath, Esq.
H. Jonathan Meyer, Esq.
Anthony Cilwa, pro se
Edward P. O'Leary, Esq.