# United States Court of Appeals
## For the First Circuit

No. 02-1982

IRMA E. BACHIER-ORTIZ, ET AL.,

Plaintiffs, Appellants,

v.

HECTOR L. COLON-MENDOZA, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté,  U.S. District Judge]

Before

Selya, Lipez and Howard,
Circuit Judges.

Francisco R. Gonzalez on brief for appellants.
Eileen Landron Guardiola, Eduardo A. Vera Ramirez and Landron & Vera, Francisco L. Acevedo Nogueras and Acevedo Nogueras & Pagan, on brief for appellees.

June 12, 2003

**Per Curiam**.  Plaintiff-appellant Irma Bachier-Ortiz brings this appeal from the summary dismissal of her action pursuant to 42 U.S.C. §1983 against Hector L. Colon-Mendoza, mayor of Guayama, various other individuals, and the Municipality of Guayama.  The district court summarily dismissed her case after her counsel failed (a) to meet with opposing counsel to draft a proposed pretrial order, and (b) to attend the pretrial conference.  Counsel made a timely motion for reconsideration, stating that human error in calendar-keeping led to his being unaware of the dates for the meeting and conference, and, as a result, that he had been out of Puerto Rico for follow-up cancer treatment and for his son's graduation from college.  He requested that the court employ sanctions against him rather than the remedy of dismissal.

We review the district court's dismissal of a case as a sanction for abuse of discretion.  See Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075 (1st Cir. 1990).  We do not lightly disturb a district court's ruling -- but "dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order."  Young v. Gordon, ___F.3d __, __ (1st Cir. 2003) [No. 02-1958, slip. op. at 8].  When non-compliance occurs, both the nisi prius court and the court of appeals must look to the totality of the circumstances.  See id.; see also Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002).  In all events, we do

-2-

not merely rubber-stamp a district court's imposition of the ultimate sanction of dismissal.

In general, the sanction of dismissal for lack of prosecution is appropriate only when plaintiff's misconduct is serious, repeated, contumacious, extreme, or otherwise inexcusable. See Batiz Chamorro v. P. R. Cars, Inc., 304 F.3d 1, 5 (1st Cir. 2002). When a dismissal is based on a pattern of delay or willful behavior, this court typically has found no abuse of discretion in a district court's order of dismissal. See Young, __ F.3d at __ [No. 02-1958 slip op. at 9]; Batiz Chamorro, 304 F.3d at 5; Tower Ventures, 296 F.3d at 46. But when an isolated incident appears to have been the sole basis for the dismissal, we have sometimes vacated the order (as long as some plausible excusatory circumstances exist). E.g. Crossman v. Raytheon Longterm Disab. Plan, 316 F.3d 36, 39 (1st Cir. 2002); Velazquez-Rivera, 920 F.2d at 1076-77.

In this case, the district court gave as its reason for dismissal only that counsel missed a meeting to draft the proposed pretrial order and the associated pretrial conference. The court did not question the sincerity of the explanation advanced by plaintiff's counsel for the lapse. This case has not, so far as we can discern, been marred by any persistent disregard of court orders, deliberate stalling, or repeated nonchalance. This case has not been unreasonably delayed. By the same token, the opposing

-3-

parties have not been prejudiced; in fact, they had moved twice for postponement of the pretrial conference.  We conclude, therefore, that Crossman and Velazquez control the result here: counsel's single, negligent failure to calendar the pretrial order deadline and the associated pretrial conference does not sink to a level of behavior warranting the ultimate sanction of dismissal.

We need go no further.  In light of the foregoing, we grant the appellees' motion to submit this case for decision without oral argument.  See 1st Cir. R. 34.  We summarily vacate the order of dismissal and remand to the district court for further proceedings. We envision that the district court, in its discretion, may impose some lesser sanction on the plaintiff or on her attorney in lieu of the vacated dismissal.

Vacated and remanded.  No costs.