**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1234

JUDITH DIAZ-SANTOS,

Plaintiff, Appellant,

v.

DEPARTMENT OF EDUCATION
OF THE COMMONWEALTH OF PUERTO RICO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Torruella, Circuit Judge.

Darlena H. Connick Waska and Law Offices of Pedro E. Ortiz Alvarez on brief for appellant.
Gary H. Montilla and Quiñones & Sánchez on brief for appellees.

August 13, 2004

**Per curiam.** Plaintiff-appellant Judith Díaz-Santos appeals from the district court's dismissal of her employment discrimination claim for failure to prosecute. We affirm the dismissal.

## I.  BACKGROUND

Díaz-Santos, a teacher employed by the Department of Education of the Commonwealth of Puerto Rico (DOE), initiated a complaint with the Equal Employment Opportunity Commission during the 1991-1992 school year. The gist of her complaint was that she suffered from a mental disability that prevented her from working directly with children. The matter concluded with a negotiated settlement agreement providing certain accommodations under the Americans With Disabilities Act, (ADA)), 42 U.S.C. § 12101 et seq. Accordingly, Díaz-Santos was reassigned to the Superintendent's office.

On August 26, 1999, Díaz-Santos filed a complaint alleging employment discrimination in violation of the ADA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The complaint named as defendants the DOE and Victor Fajardo, the Secretary of the DOE, for allegedly reassigning her in violation of the settlement agreement, subjecting her to a hostile work environment, and refusing to promote her and/or consider her for positions for which she was qualified. Díaz-Santos amended her complaint in February, 2000.

On July 6, 2000, defendants moved to dismiss the amended

-2-

complaint without prejudice. On October 31, the district court allowed the motion in part, dismissing Díaz-Santos's claims of discrimination under Title I of the ADA. The court, however, permitted the claim of retaliation under Title V of the ADA to proceed.

On April 4, 2002, defendants sought an interlocutory appeal of the district court's decision, which they voluntarily dismissed several months later. On December 27, 2002, after a number of pretrial conferences, trial was set for March 17, 2003. Thereafter, the district court stated in an order dated January 15, 2003, that "[t]his case seems to be a very good candidate for a sensible settlement disposition. Parties [are] ordered to explore alternatives and report to the court within 30 days. Case remains firmly set for trial in March."

In an order dated March 3, 2003, after setting forth the terms of a tentative settlement agreement, the court stated:

> [S]hould the case not be finally settled on or before March 21, 2003, then trial will go forward either during the last week of March or the first week of April . . . The parties shall be given twenty-four hours notice to begin trial, and shall be prepared to proceed on that notice or face dismissal for want of prosecution.

That trial date was reiterated as "firm and final" in subsequent orders. During the months of March and April of 2003, the district court continued to conduct settlement conferences.

On April 3, the court again stated in a procedural order that it was in the parties' interest to reach settlement. It noted,

> The defendant has been willing to consider reasonable terms for settlement. However, the plaintiff continues to have unrealistic expectations about what she may be entitled to under the law. Plaintiff's counsel will consult with his client again and review the possibility of, as well as the terms of, settlement. He shall notify the court . . . of the status of settlement by April 18, 2003.

On May 1, Díaz-Santos's counsel moved to withdraw representation on the ground that Díaz-Santos "can't, has not and will not, in any way help, aid, abet or assist counsel in a decisive, practicable and sound defense of her best interests." On June 22, 2003, the court allowed the motion and permitted Díaz-Santos until July 23, 2003, to obtain new counsel and have him or her make an appearance. It set that date as a "final term," and threatened that should Díaz-Santos not comply, "the case will be dismissed."

On July 23, a "Special Appearance to Request an Extension of Time to Retain Counsel" was filed on Díaz-Santos's behalf. It requested an additional forty-five days for new counsel to evaluate the case and obtain relevant records from Díaz-Santos's prior counsel. No further submissions were filed on behalf of Díaz-Santos, and the district court took no action until September 29, 2003 – sixty-six days after the initial deadline – when it dismissed Díaz-Santos's claims for lack of diligent prosecution. It stated in its order: "The court has been patient to the extreme in dealing with this case. For months now, Plaintiff has been unable or unwilling to resolve this case by settlement and/or

secure legal representation as previously ordered." Judgment was entered that day.

On December 18, 2003, the court denied reconsideration of its order and judgment, and Díaz-Santos filed a timely appeal.

## II. **DISCUSSION**

A district court's inherent powers to sanction parties for litigation abuses include the power to act sua sponte to dismiss a suit for failure to prosecute. Chambers v. NASCO, Inc., 501 U.S. 32, 43 n.8 (1991); Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003). We review such a dismissal pursuant to an abuse of discretion standard. Bachier-Ortíz v. Colón-Mendoza, 331 F.3d 193, 194 (1st Cir. 2003). "We do not lightly disturb a district court's ruling -- but 'dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order.'" Id. at 194-95 (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)).

Díaz-Santos claims three points of error: that the district court abused its discretion in dismissing the case for failure to prosecute; that it abused its discretion in denying her motion for reconsideration of that order; and that the court erred by allowing defendants' motion to dismiss her claim under Title I of the ADA. We review each argument in turn.

## A. Dismissal for failure to prosecute

First, we address whether the district court erred in

dismissing Díaz-Santos's complaint for failure to prosecute.  In so doing, we consider the totality of the circumstances.  <u>Bachier-Ortiz</u>, 331 F.3d at 195.  Of particular importance are whether Díaz-Santos prosecuted her claims diligently until the time when she parted ways with her counsel; whether the district court provided Díaz-Santos fair warning of its inclination to employ such a severe sanction; and whether the delay she caused constituted misconduct "sufficiently extreme to justify dismissal with prejudice." <u>Pomales</u>, 342 F.3d at 49.

Díaz-Santos does not fare well under any of these factors. First, her conduct prior to her original counsel's withdrawal can hardly be characterized as diligent.  The district court repeatedly indicated its frustration as to the parties' lack of preparedness, their delays as trial approached, and Díaz-Santos's failure to settle the case.[1]  The court noted that Díaz-Santos "continue[d] to have unrealistic expectations" as to the strength of her case after several settlement conferences.  This observation was confirmed by Díaz-Santos's former counsel in its motion to withdraw.

Second, the district court provided unambiguous notice of its intent to dismiss the case should Díaz-Santos not comply with its June 22, 2003 order permitting Díaz-Santos one month to obtain new counsel.  Indeed, the court had warned that it would not hesitate

---

[1]We note that defendants appear to have some culpability as well in dilatory conduct occurring prior to the settlement conferences.

-6-

to dismiss the case for failure to prosecute as early as March 3, when it set forth the terms of a tentative settlement agreement.

Third, we see no reason to second-guess the district court's determination that Díaz-Santos's delay constituted sufficient misconduct to warrant dismissal with prejudice. Initially, the court's June 22 order was not heeded, at least not fully: while new counsel did make an appearance, it was only conditional in nature, and sought additional time in which to determine whether it would take on the representation. Then, Díaz-Santos far exceeded counsel's requested extension without taking action before the district court finally dismissed her complaint. Under these conditions, we think the court demonstrated both ample patience and fairness.

Díaz-Santos argues that her new counsel lacked documents that were necessary to assess the case and provide adequate representation. Even assuming that the new counsel was acting in good faith, there appears to be no viable excuse for allowing sixty-six additional days to pass in total silence after the filing of the notice of special appearance. Particularly in light of the district court's emphasis of the finality of the July 23 deadline for obtaining new counsel, it remained Díaz-Santos's duty to inform the court of any obstacles and seek an additional continuance if

one was required.[2]  Although the remedy of dismissal with prejudice was, perhaps, somewhat harsh, it did not exceed the district court's discretion.

B.    Motion for reconsideration

We review a district court's denial of a motion for reconsideration under Fed. R. Civ. P. 59(e) for abuse of discretion.  Rivera v. P. R. Aqueduct & Sewers Auth., 331 F.3d 183, 192 (1st Cir. 2003).  Here, Díaz-Santos contends that defendants were also culpable in the delays and reiterates her argument that she  did not receive important documents until after the July 23 deadline had passed.  Although there is some indication in the record that defendants, too, engaged in foot-dragging, it seems to be limited to the early part of the litigation.  The district court's order was based, inter alia, on Díaz-Santos's failure to comply with a deadline for securing new counsel –– conduct that has no relation to any action of the defendants –– and it is on that basis that we affirm the district court's judgment.

C.    Title I appeal

Lastly, we consider Díaz-Santos's argument that the court erred in dismissing her claim under Title I of the ADA based upon her failure to allege sufficient facts to establish a prima facie case of disability pursuant to 42 U.S.C. § 12101(2).  We do not

---

[2]We do not suggest that had Díaz-Santos moved for additional time, the district court would have been obliged to allow it.

reach the merits of this issue, however, because it is beyond the scope of this appeal.

Normally, a notice of appeal that designates the final judgment encompasses not only that judgment, but also all earlier interlocutory orders that merge in the judgment. John's Insulation, Inc. v. L. Addison & Assocs. Inc., 156 F.3d 101, 105 (1st Cir. 1998)(cases cited therein). In John's Insulation, however, we joined the majority of other circuit courts in recognizing an exception to that rule and holding that interlocutory rulings do not merge into a judgment of dismissal for failure to prosecute, and thus are unappealable. Id. at 107.

Because we affirm the district court's dismissal for failure to prosecute, we do not address the dismissal of the Title I claim further. "[I]f a complaint was correctly dismissed for failure to prosecute, the fact that earlier interlocutory rulings may have been erroneous is irrelevant." Id.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's dismissal.