Godesa A. **BOMATE**, Appellant,

v.

**FORD MOTOR COMPANY.**

No. 83–2303.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 14, 1985.

Decided April 2, 1985.

Linda Hanten, Washington, D.C., with whom Michael B. Glomb, Washington, D.C., was on brief, for appellant.

Richard W. Goldman, Washington, D.C., with whom E. Milton Farley, III, Washington, D.C., was on brief, for appellee.

Frederic R. Kellogg, Washington, D.C., was on brief for Frederic R. Kellogg, amicus curiae, urging reversal.

Before TAMM and BORK, Circuit Judges, and OSCAR H. DAVIS [*], United States Circuit Judge for the Federal Circuit.

PER CURIAM:

Godesa Bomate appeals the dismissal of her personal injury action against Ford Motor Company. On October 12, 1983, United States District Judge Thomas P. Jackson dismissed the case for want of prosecution under Federal Rule of Civil Procedure 41(b).

Since Bomate filed this suit on March 2, 1982, she has dismissed her lawyers on five separate occasions and has been represented by nine different attorneys. Bomate's difficulties with counsel led to numerous postponements of discovery deadlines and the rescheduling of the trial. In April 1983, Ford moved for dismissal under Rule 41(b) for want of prosecution. The trial court denied the motion but warned Bomate and Mr. Schwartz, her counsel, that further delays would result in a dismissal with prejudice. In September 1983, Bomate fired Mr. Schwartz. On October 4, 1983, the trial court granted Schwartz's motion to withdraw, informed Bomate that she could proceed *pro se*, but again warned that further delays would not be tolerated. Despite these repeated warnings, Bomate did not appear for an October 6 pretrial hearing, thereby forcing further postponement of the trial. Ford again moved for dismissal for want of prosecution. Following a hearing at which Bomate appeared

[*] Sitting by designation pursuant to 28 U.S.C. § 291(a) (1976).

*pro se,* the trial court granted Ford's motion.

■ Dismissal for want of prosecution will be reversed only upon a finding of abuse of discretion. *Automated Datatron, Inc. v. Woodcock,* 659 F.2d 1168, 1169 (D.C.Cir.1981). A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause. *Cherry v. Brown-Frazier-Whitney,* 548 F.2d 965, 969 (D.C.Cir.1976); *Sheaffer v. Warehouse Employees Union, Local No. 730,* 408 F.2d 204, 206 (D.C.Cir.), *cert. denied,* 395 U.S. 934, 89 S.Ct. 1996, 23 L.Ed.2d 449 (1969).

■ Review of the record in this case reveals repeated frustration of pretrial process caused by Bomate's continuous refusal to cooperate with her own lawyers. The trial court patiently postponed discovery deadlines and trial dates to accommodate Bomate's troubles with her counsel, but twice warned of the consequences of further delays. Bomate did not heed these admonitions. Instead, she fired her lawyers again and failed to comply with several material provisions of the pretrial order.

As this court stated in *Woodcock,* "[i]f district court judges are to discharge their heavy responsibilities effectively, their power to dismiss, in situations such as the one before us, must be more than theoretical." 659 F.2d at 1170. Although a less drastic sanction might have been entertained, we find that, because the trial court repeatedly warned Bomate and her counsel of the consequences of further delays, the dismissal for want of prosecution was not an abuse of discretion. *See id.; Kung v. FOM Investment Corp.,* 563 F.2d 1316, 1318 (9th Cir.1977). To hold otherwise would take from the trial court the broad discretion necessary to "secure the just, speedy and inexpensive determination" of civil cases. *See Fed.R.Civ.P.* 1. The order granting Ford's Second Motion to Dismiss is, therefore,

*Affirmed.*