1. Plaintiff originally cast his complaint as a class action, alleging that relief was being

**Tyrone G. BERRY, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civ. A. No. 84–2659.**

United States District Court, District of Columbia.

Sept. 6, 1985.

Melvin Anthony Marshall, Washington, D.C., for plaintiff.

O. Gregory Lewis, Asst. Corp. Counsel, Washington, D.C., for defendants.

**ORDER OF DISMISSAL**

BARRINGTON D. PARKER, District Judge.

In this action the plaintiff claims that District of Columbia police officers assaulted him, improperly confiscated certain monies in the possession of plaintiff and others,[1] and delayed unduly in presenting

sought for all local adult residents who, upon arrest for drug violations, had had monies in

plaintiff before a magistrate after his arrest. Additionally, plaintiff alleges that the conditions upon which he was released on bail, requiring that he submit to drug testing and treatment, violated his Fourth, Fifth, and Sixth Amendment rights. All counts save those alleging assault and battery and pre-presentment delay were dismissed on the defendants' motion for summary judgment. *See* Order of this Court, filed June 14, 1985.

On July 31, 1985, counsel for both parties were directed to file pretrial briefs by August 21, 1985, and pretrial was scheduled for August 29. Only counsel for defendant District of Columbia complied. On the morning of the pretrial hearing, counsel for plaintiff appeared and moved for leave to file a pretrial brief. At that time, neither defense counsel nor the Court had the benefit of the plaintiff's pretrial brief or notice of any of the claims presented therein. In addition, trial was scheduled for October 4, barely more than a month away. Plaintiff's motion to file late the pretrial brief was denied, and the Court *sua sponte* dismissed the complaint.

Rule 41(b), Fed.R.Civ.P., provides that "[f]or failure of the plaintiff to prosecute or to comply with [the federal] rules, or any order of court, a defendant may move for dismissal of an action...." Moreover, "[t]he court has the power to dismiss *sua sponte*, as well as upon motion by defendant...." 5 Moore's Federal Practice ¶ 41.-12, at 41–154 & n. 26 (citations omitted). The case of *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), is clear authority for dismissal of a proceeding as a means of dealing with counsel's failure to obey rules of procedure and orders of court. In *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168 (D.C.Cir. 1981), a counterclaim was dismissed for failure to obey an order to join a necessary party. This Circuit noted in *Datatron* that "[c]ourt calendars and trial assignments are not made to accommodate attorneys,"

659 F.2d at 1170 (quoting *Pease v. Peters*, 550 F.2d 698, 701 (1st Cir.1977)), particularly when so to do would work to the detriment of speedy adjudication. By the same token, however, dismissal is a remedy not to be used lightly. *Trakas v. Quality Brands, Inc.*, 759 F.2d 185 (D.C.Cir.1985) (reversing district court's dismissal for failure to prosecute). Generally, dismissal is warranted only in cases in which counsel is guilty of "protracted delay," *Trakas*, 759 F.2d at 186; *Butler v. Pearson*, 636 F.2d 526, 529 (D.C.Cir.1980); *Jackson v. Washington Monthly Co.*, 569 F.2d 119, 121 (D.C.Cir.1977), or failure otherwise to obey orders of court. *See, e.g., Asociacion de Empleados v. Rodriguez Morales*, 538 F.2d 915 (1st Cir.1976) (failure to appear at hearing, failure to comply with court directives, failure to meet filing deadline); *Datatron*, 659 F.2d 1168 ("conspicuous disregard" of court's order). *Cf. Bomate v. Ford Motor Company*, 761 F.2d 713, 714 (D.C.Cir.1985) (per curiam) ("dismissal is proper if, in view of the entire procedural history of the case, the *litigant* has not manifested reasonable diligence in pursuing the cause") (emphasis added) (citations omitted).

While dismissal is rarely warranted for "a single act of misconduct," *Trakas*, 759 F.2d at 188 (citing *Camps v. C & P Telephone Co.*, 692 F.2d 120, 123 (D.C.Cir. 1981)), the misconduct in this proceeding is not confined to a single act. Just as in *Datatron*, plaintiff's counsel not only disobeyed a standing order of this Court, but has done so in a manner prejudicial to the orderly advance of this proceeding to final adjudication. Moreover, here as in *Datatron*, counsel failed to file essential pleadings in final preparation for trial. Where counsel's willful inattention thus causes both the court and the opposing party inconvenience and delay, the court may dismiss the action, even though a lesser sanction could have been imposed. *Datatron*, 659 F.2d at 1169; *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 869 (3rd Cir.1984).

their possession confiscated. Class certification was denied by this Court in an Order of June 14, 1985.

As noted, this is not the first instance of dereliction by plaintiff's counsel. On December 14, 1984, sanctions were imposed on counsel for his failure to comply with previous orders. Specifically, counsel failed to attend a scheduled status call and continued to remain away even when ordered to appear later that day. Counsel then failed to file a pleading ordered by the Court. Accordingly, this Court dismissed the complaint, but then in an Order of January 31, 1985, the order of dismissal was vacated and a fine of $100.00 was imposed.

Finally, just as in *Datatron*, counsel offers no acceptable or justifiable reason for his neglect. In support of the motion for an enlargement of time to file his pretrial brief, plaintiff's counsel explains that, during the months of July and August, he "was out of the country" and that "[u]pon his return he [had] been plagued not only with the normal 'jet lag,' but [also with] a summer cold." Plaintiff's Memorandum of Points and Authorities ¶ 2. In addition, counsel asserts that "he literally had a shopping bag of mail to address" and that he had to make numerous unscheduled court appearances. *Id.* For these reasons, "[d]espite his best efforts," counsel could not complete his brief until the day before the pretrial hearing, a week after it was due. *Id.* at ¶ 3.

Without indicating whether one would be otherwise moved to sympathy by counsel's scheduling difficulties, it is noted that counsel did find time to file, on August 19, 1985 (two days before the pretrial brief was due), a motion to enlarge issues at trial.[2] In short, counsel failed to file a mandatory pleading required by this Court, in favor of filing a pleading of his own choosing. Counsel, in asserting that he did not have adequate time to file a pretrial statement, shows little regard for his responsibility to the Court and the standards of his profession.

---

**2.** Essentially, counsel was seeking to reopen issues that had been foreclosed by this Court's rulings on defendant's motion for summary

Accordingly, it is this 5th day of September, 1985,

**ORDERED**

That plaintiff's motion for an enlargement of time in which to file a pretrial brief is **denied**; and

That this proceeding is **dismissed** with prejudice.

judgment, discussed *supra*. *See* Order of this Court, filed June 14, 1985.