Howard J. and Camilla J. SHERMAN,
Plaintiffs/Appellants,

v.

UNITED STATES of America,
Defendant/Appellee.

No. 85–2580.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 1986.

Decided Oct. 2, 1986.

Alan W. Scholz, San Jose, Cal., for plaintiffs/appellants.

Steven Parks, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for defendant/appellee.

Before FARRIS, HALL and KOZINSKI, Circuit Judges.

PER CURIAM.

It is well established that a judge may dismiss a case when the plaintiff fails to prosecute. *See, e.g., Link v. Wabash Railroad,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Franklin v. Murphy,* 745 F.2d 1221, 1232 (9th Cir.1984). This case raises the novel question whether a judge may dismiss a case when the plaintiff fails to prosecute a related case in another court.

### Facts

Taxpayers, Howard and Camilla Sherman, appeal from an order of the district court dismissing their action for a tax refund because of their failure to prosecute a case in the United States Tax Court, as ordered by the district court. The Tax Court case, which had been pending for several years before the district court complaint was filed, involves prior tax years and, when decided, would also have fully disposed of the case pending before the district court.[1]

In 1982, upon a motion by the United States, the district court stayed further proceedings in this case pending a final decision by the Tax Court. Some two years later, in November 1984, the district court ordered the taxpayers to make a good faith effort to bring their Tax Court case to trial or other resolution within 180 days; the court warned taxpayers that their case would be dismissed if they disobeyed.

In July 1985, after the 180 days had expired, the district court directed the parties to appear and show cause why the case should not be dismissed. At this hearing, the taxpayers contended that they had no control over the progress of the Tax Court case, that their case there was progressing as fast as it could and that the district court lacked jurisdiction to dismiss their case for failing to prosecute the Tax Court case. On August 23, 1985, the district court dismissed taxpayers' complaint, rely-

---

1. Taxpayers brought this suit on February 4, 1982, seeking a tax refund for 1976. They computed their tax liability for 1976 using income averaging, relying on 1972, 1973, 1974 and 1975 as base years in calculating their average taxable income for 1976. After taxpayers filed their 1976 return, the Internal Revenue Service (IRS) audited their 1975 return and disallowed a claimed partnership loss, which increased taxpayers' taxable income for 1975 from $3,437 to $40,302. In 1979, taxpayers filed a petition in the United States Tax Court to contest the proposed IRS assessment for 1975. *Sherman v. Commissioner,* No. 11228–79 (T.C. filed Feb. 4, 1982).

Because 1975 was one of the base years for taxpayers' 1976 income averaging, the IRS audited and recomputed their 1976 liability. The additional tax liability for 1976 was $1,139. The IRS requested taxpayers to waive the statute of limitations on the 1976 assessment pending the resolution of the Tax Court proceeding. Taxpayers declined, and the IRS made the assessment, which the taxpayers paid. The taxpayers filed a claim for a refund, which was disallowed by the IRS. This suit was then filed in district court seeking a refund for 1976.

ing on Rules 16(f) and 41 of the Federal Rules of Civil Procedure. The district court found that plaintiffs had done nothing to advance their Tax Court case; they had not even informed the Tax Court of the district court's July 1985 order.

### Discussion

Federal courts have broad inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 360 U.S. at 630–31, 82 S.Ct. at 1389 (footnote omitted). Both Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure permit a judge to dismiss a case when the plaintiff fails to prosecute. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985). The 1983 amendments to Rule 16 make clear that the rule is broadly remedial and its purpose is to encourage forceful judicial management. *In re Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir.1984), *cert. denied*, 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985). Moreover, under Rule 41 the district court has authority to order a party to take actions that aid the speedy resolution of a case, and to dismiss that party if it fails to comply with the court order. *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 947–50 (9th Cir.1976) (affirming the dismissal of the EEOC as a party when it disobeyed a court order to send someone with settlement authority to conference).

There can be no doubt that the district court had the authority to stay its proceedings to await the outcome of the Tax Court case; taxpayers do not argue to the contrary. Taxpayers do argue that the court lacked the authority to compel them to prosecute their Tax Court case on pain of dismissal. They also suggest that even if the district court had the authority, it abused its discretion by dismissing rather than resorting to a lesser sanction.

We reject both contentions. Because the district court had authority to stay proceedings during the pendency of the Tax Court case, it also had the authority to assure that the stay lasted no longer than necessary. While the district court could not order the Tax Court to expedite its proceed-

ings, it certainly could direct the taxpayers to take all reasonable steps within their power to bring the Tax Court case to conclusion. To that end, the district court directed taxpayers to make good faith efforts to bring the Tax Court case to trial or other resolution. Taxpayer's contention that they had no control over proceedings in the Tax Court is beside the point: They certainly could have filed a motion requesting that the case be handled on an expedited basis. At the very least, they could have advised the Tax Court of the district court's order. Instead, all they did was to call the clerk of the Tax Court and ask where things stood. This was plainly not sufficient under the district court's order. Since the district court had advised taxpayers of the consequences of failing to comply with its order, we do not feel it abused its discretion in following through on its warning. *See Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C.Cir.1985); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1521 (5th Cir.1985).

AFFIRMED.