851 F.2d 1502
 271 U.S.App.D.C. 275
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Curtis L. WRENN, Appellant,
v.
Harry N. WALTERS, Administrator, Veterans Administration.
 No. 86-5325.
 United States Court of Appeals, District of Columbia Circuit.
 May 18, 1988.
 
 Before MIKVA, D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from an order of the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED by the court that the order of the district court be affirmed for the reasons set forth in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Federal Rule of Civil Procedure 41(b) provides, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against him." Rule 41(b) codifies the inherent power of a court to dismiss sua sponte for failure to prosecute. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Dismissal for failure to prosecute is within the discretion of the district court. Id. Dismissal for want of prosecution will be reversed only upon a finding of abuse of discretion. Bomate v. Ford Motor Co., 761 F.2d 713, 714 (D.C.Cir.1985); Trakas v. Quality Brands, Inc., 759 F.2d 185, 186 (D.C.Cir.1985).
 
 
 5
 We conclude that the district court had sufficient reason to dismiss this case for want of prosecution. Accordingly, we find no abuse of discretion. Here, the plaintiff was aware on April 9, 1986 that trial was set for May 8, 1986. It was not until May 2, 1986 that Wrenn informed the court, through counsel, of his pending job interview. This was only after counsel's motion to withdraw and for a continuance was denied. Wrenn's counsel informed appellant that the judge would most likely dismiss the case if he did not come for trial. Despite the warning, Wrenn did not appear.
 
 
 6
 In addition to Wrenn's failure to appear for trial, the district court noted that this case was one of the oldest on its docket, having been filed in 1982, and that it had been dragged out as a result of a series of motions and unfounded appeals.
 
 
 7
 This court has noted in the past the seriousness of disrupting the court's schedule on the eve of trial and has determined that it will not review closely a district court's determination to dismiss a case in that situation. Shea v. Donohoe, 795 F.2d 1071, 1077 (D.C.Cir.1986). The district court had ample reason to dismiss this case. Accordingly, the district court order filed May 8, 1986, is affirmed.