**M.R. MIKKILINENI, Plaintiff,**

v.

**PENN NATIONAL MUTUAL CASUALTY INSURANCE CO. et al., Defendants.**

**Civil Action No.: 02–2222 (RMU).**

United States District Court, District of Columbia.

June 13, 2003.

Robert E. Leidenheimer, Jr., United States Attorneys Office, Elizabeth Treubert Simon, Vorys, Sater, Seymour and Pease LLP, Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

URBINA, District Judge.

#### SANCTIONING THE PLAINTIFF BY DISMISSING THE CASE

### I. INTRODUCTION

The instant action pertains to a contract dispute between the plaintiff's engineering corporation, Talasila, and the United States. This case comes before the court on the court's order directing the plaintiff to show cause why the court should not sanction him by dismissing the action. The plaintiff circumvented an order from this court by filing the complaint in this action five weeks after the court struck an identical complaint as filed in a different case. After reviewing the records of this case and many other cases filed by the plaintiff, the court determines that to protect the integrity of the court, dismissal is the most appropriate sanction for the plaintiff's misconduct. Accordingly, the court sanctions the plaintiff by dismissing this action.

### II. BACKGROUND

The plaintiff filed the instant complaint on November 12, 2002. The plaintiff's tort, contract, fraud, and civil rights complaint alleges countless convoluted facts relating to his company, Talasila, and defendants Penn National Mutual Casualty Insurance ("Penn"), Dickie, McCamey & Chilcote ("Dickie"), and the United States. *See generally* Compl. The subject matter of the complaint arises out of work performed by Talasila pursuant to a contract with the United States ("the Project"). *E.g.*, *id.* at 5, 8, 12–14. Defendant Penn issued performance and payment bonds on behalf of Talasila in connection with the Project, and defendant Dickie is the law firm that represented Penn in lawsuits against the plaintiff and related to the Project. *Id.* at 17–18; Penn's Mot. to Dismiss at 3. The complaint also extensively details prior litigation regarding the Project and "fraud upon the court" allegedly committed by the defendants during that litigation. *See generally* Compl.

At the time the plaintiff initiated this action, the plaintiff had another pending case in this court against the same defendants, civil action 01–2287.[1] A paragraph-by-paragraph comparison of the first amended complaint in civil action 01–2287 filed on February 8, 2002 and the complaint in this action reveals that virtually all of the content of the complaint in this action is contained in the first amended complaint in civil action 01–2287. *Compare* First Am. Compl. (01–2287) *with* Compl. Also, in civil action 01–2287, the plaintiff filed a second amended complaint on September 20, 2002 without first seeking leave to amend. The court struck the second amended complaint. Order dated Oct. 4, 2002 (01–2287). Approximately five weeks after the court struck the second amended complaint in civil action 01–2287, the plaintiff filed a photocopy of the stricken complaint to initiate this action. *Id.*; Compl.

---

1. On March 31, 2003, this court ordered the clerk's office to transfer civil action 01–2287 to the Western District of Pennsylvania.

On March 20, 2003, defendants Penn and Dickie filed a motion to dismiss the complaint in the instant action. The federal defendant filed a motion to dismiss on May 2, 2003. On May 29, 2003, the court filed an order directing the plaintiff to show cause why the court should not sanction him by dismissing this action, to which the plaintiff responded on June 6, 2003. Furthermore, in the related civil action 01–2287, on March 31, 2003, the court barred the plaintiff from filing additional complaints in this district without first seeking leave from the court. Two days later, in this case, defendants Penn and Dickie filed a motion to enjoin the plaintiff from filing additional complaints without leave. The court now addresses the appropriate sanction for the plaintiff's misconduct.

## III. ANALYSIS

### A. Legal Standard for Sanctioning the Plaintiff By Dismissing the Plaintiff's Action

■ In this section, the court discusses sanctions generally and then specifically in the context of the sanction of dismissal. Rule 11(c) provides the court authority to sanction a party on its own initiative. Fed. R.Civ.P. 11(c)(1)(B). As the D.C. Circuit has explained,

> [a]s old as the judiciary itself, the inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments.

*Shepherd v. Am. Broad. Co.*, 62 F.3d 1469, 1472 (D.C.Cir.1995). When the federal rules alone *do not provide courts with*

enough authority to protect their integrity and prevent abuses of the judicial process, the inherent power to sanction fills the gap. *Id.* at 1474 (citing *Chambers v. NASCO*, 501 U.S. 32, 46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).

■ One form of sanction is dismissal. "[A] district court may dismiss an action on its own motion because of a party's failure to comply with court orders designed to ensure the orderly prosecution of the case." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C.Cir.1990) (*quoting Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).[2] The D.C. Circuit further recognized that "if district court judges are to discharge their heavy case processing responsibilities effectively, their power to dismiss ... must be more than theoretical." *Bristol*, 901 F.2d at 167 (internal quotation omitted).

■ To determine whether the sanction of dismissal is appropriate, the court must apply a two-part test: (1) does clear and convincing evidence demonstrate that the violation occurred, and (2) would a lesser sanction effectively punish and deter the misconduct. *Shepherd*, 62 F.3d at 1472. Courts should only use dismissal when other measures are unlikely to achieve the desired result. *Bristol*, 901 F.2d at 167; *see also Gardner v. United States*, 211 F.3d 1305, 1309 (D.C.Cir.2000) (observing that dismissal pursuant to Rule 41(b) is a drastic step, normally to be taken "after unfruitful resort to lesser sanctions"). A court is not required to exhaust other options before dismissing a suit. *Shepherd*, 62 F.3d at 1479. Rather, the court must explain why dismissal is

---

**2.** In *Bristol*, the district court warned the *pro se* corporate plaintiff that if it did not retain counsel before the next status conference, the court would dismiss the plaintiff's case. *Bris-*

*tol*, 901 F.2d at 166. After the plaintiff failed to appear at the status conference and failed to notify the court regarding the retention of counsel, the court dismissed the case. *Id.*

warranted and why other measures are likely to be ineffective. *Id.*

■ Evaluating whether dismissal is warranted, the court may consider the prejudice to the defendant and the effect of the plaintiff's misconduct on the judicial system. *Bristol,* 901 F.2d at 167; *see also Gardner,* 211 F.3d at 1309. The court may also consider the need to deter the plaintiff's misconduct and whether any evidence demonstrates that the plaintiff consciously failed to comply with a court order while cognizant of the ramifications. *Bristol,* 901 F.2d at 168; *Gardner,* 211 F.3d at 1309.

■ Although the D.C. Circuit recognizes that *pro se* litigants are untrained in the law and consequently holds them to less stringent standards than litigants counseled by attorneys, sanctions against a *pro se* litigant may be warranted under certain circumstances. *Bristol,* 901 F.2d at 168. For example, sanctions may be warranted when the *pro se* party who abuses the legal process is acquainted with the rules of the judicial process and the consequences of violating the rules. *Id.*

### B. The Court Dismisses the Plaintiff's Action

■ Even though dismissal is a sanction of last resort, the court concludes that the sanction of dismissal is warranted here because the plaintiff intentionally circumvented a court order and any lesser sanction would fail to adequately deter and punish the plaintiff's circumvention of the court's October 4, 2002 order ("October Order"). *Bristol,* 901 F.2d at 167.

First, the court considers the misconduct itself: the plaintiff's filing of the complaint in this case five weeks after this court's October Order struck the very same complaint from civil action 01–2287. Order dated Oct. 4, 2002 (01–2287). A page-by-page review of the stricken second amended complaint in civil action 01–2287

and the complaint in the instant case reveals that the two complaints are identical. For example, the signature and the handwritten page numbers demonstrate that pages 2–30 of the complaint in the instant case are simply a photocopy of pages 2–30 of the stricken complaint in civil action 01–2287. Therefore, the court determines by clear and convincing evidence that the plaintiff circumvented the October Order and abused the judicial process by re-filing the stricken complaint in this action. *Shepherd,* 62 F.3d at 1472.

The plaintiff's brazen circumvention of the October Order became even more obvious when the plaintiff moved the court to consolidate civil action 01–2287 with this action. Pl.'s Mot. to Consol. Consolidating the two cases would effectively nullify the court's October Order by essentially permitting the second amended complaint to be reinstated in civil action 01–2287. Demonstrating his intent to contravene the court's October Order, the plaintiff states in his motion, "[i]f the court would allow his [second] amended complaint to be filed [in 01–2287], the new action [02–2222] will be withdrawn; otherwise, the new action can be consolidated with [01–2287] in the interest of justice." Pl.'s Mot. to Consol. at 2.

Turning to the second prong of the sanction analysis, the court considers whether any sanction other than dismissal would effectively punish and deter the plaintiff's misconduct and concludes that it would not. "Authority to dismiss and other sanctions have been entrusted to the district courts to enable [them] to discharge efficiently their front-line responsibility for operating the judicial system." *Bristol,* 901 F.2d at 167. The court's front-line responsibility requires it to prohibit the plaintiff from filing claims redundant with another pending matter, especially when done in flagrant violation of the court's

October Order. Any sanction other than dismissal would permit the case to exist in violation of that order. Thus, dismissal is the only option that will stop the prejudice to the defendants and the wasting of judicial resources caused by the filing of two nearly identical pending matters. *Id.* at 167–68; *see also Gardner,* 211 F.3d at 1308–09.

The plaintiff's history of misconduct also demonstrates that a sanction other than dismissal would be ineffective. *Shepherd,* 62 F.3d at 1472. The plaintiff's misconduct in actions filed in the District of Columbia, Pennsylvania, and Texas, has resulted in monetary sanctions, injunctions barring the plaintiff from filing additional actions under certain circumstances, and even imprisonment. *Mikkilineni v. Gallitzin Borough,* 531 U.S. 804, 121 S.Ct. 281, 148 L.Ed.2d 6 (2000) (barring M.R. Mikkilineni from filing further appeals under certain circumstances because "petitioner has repeatedly abused this Court's process"); Order dated Mar. 29, 2000 (99–104J W.D. Pa.); Op. dated Apr. 9, 2001 (00–3392 3d Cir.); Order dated June 21, 1999 (98–0944 S.D. Tex.); Order dated Aug. 13, 2001 (98–0944 S.D. Tex.); Order dated Feb. 27, 2003 (98–0944 S.D. Tex.); Pl.'s Mot. for Dismissal (02–0970); Pl.'s Mot. to Void Mot. for Dismissal (02–0970).[3] The plaintiff's repeated disregard for the Southern District of Texas' injunction against filing new cases against certain defendants shows that the plaintiff ignores severe and repeated sanctions—including the threat of imprisonment—and re-files cases at will. Order dated Feb. 27, 2003 (98–0944 S.D. Tex.); Pl.'s Mot. for Dismissal (02–0970); Pl.'s Mot. to Void Mot. for Dismissal (02–0970). In sum, the plaintiff is not deterred by orders, monetary sanctions, injunctions, or imprisonment, and does not hesitate to waste judicial resources and challenge the integrity of court orders. In addition, the fact that the plaintiff has been sanctioned on numerous occasions for violating court orders suggests that he was cognizant of the possible ramifications of violating the October Order. Consequently, dismissal of the complaint in civil action 02–2222 is the only sanction that will protect the integrity of the judicial system. *Shepherd,* 62 F.3d at 1472.

## V. CONCLUSION

For all these reasons, the court sanctions the plaintiff by dismissing this action. The court also denies the defendants' motions to dismiss because the court's ruling renders the motions moot. Finally, the court denies as moot the motion by defendants Penn and Dickie to enjoin the plaintiff from filing additional complaints without leave because the court's March 31, 2003 order in civil action 01–2287 already granted the requested relief. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 13th day of June, 2003.

---

**3.** These orders demonstrate the plaintiff's history of similar litigation in federal courts that has provided him "some acquaintance with the rules of the judicial process." *Bristol,* 901 F.2d at 168. In addition, given the numerous sanctions issued against the plaintiff, he must be aware of the consequences of ignoring court orders. *Id.* Thus, the plaintiff's status as a *pro se* party cannot weigh in his favor in this instance.