**Kathleen A. BREEN et al., Plaintiffs,**

**v.**

**Ray H. LaHOOD [1] et al., Defendants.**

**Civil Action No. 05–654(RWR).**

United States District Court, District of Columbia.

Feb. 17, 2009.

---

1. Secretary of Transportation Ray H. LaHood is substituted as a defendant in place of for-

mer Secretary Mary E. Peters. *See* Fed. R.Civ.P. 25(d).

Joseph D. Gebhardt, Charles W. Day, Jr., Daniel K. Gebhardt, Valencia R. Rainey, Gebhardt & Associates, LLP, Washington, DC, Lenore Cooper Garon, Falls Church, VA, for Plaintiffs.

Donna Dodson, Amherst, OH, pro se.

Steven Tangen, Landsdowne, VA, pro se.

Eldon D. Taylor, Jr., Renton, WA, pro se.

Jeffrey G. Trabold, Kalkaska, MI, pro se.

Robert Pedraza, El Paso, TX, pro se.

Frances T. Siedler, Concord Township, OH, pro se.

Sharon H. Lange, Oxford, AL, pro se.

John Lazor, Miami, FL, pro se.

William Liebeno, North Richland Hills, TX, pro se.

Fred E. Lippi, San Carlos, CA, pro se.

Barbara McInerney, St. Louis, MO, pro se.

Rebecca S. Nedderman, Valley Park, MO, pro se.

Julia M. Greenway, Burke, VA, pro se.

Martha L. Grimsley, Deridder, LA, pro se.

Ralph E. Kerschner, Jr., Oxford, AL, pro se.

Norman B. Buckallew, Florien, LA, pro se.

Roy M. Carroll, Riverside, AL, pro se.

Kenneth C. Currier, Miami, FL, pro se.

Tye C. Bjorkman, Edgewood, NM, pro se.

G. Peter Berggren, Dewey, AZ, pro se.

Angela B. Bowman, Choccolocco, AL, pro se.

Kevin C. Hoyt, Chino Valley, AZ, pro se.

Tom Domingo, Elkins, WV, pro se.

Frank Matkins, Saginaw, TX, pro se.

Janice I. Teed Wilson, Dewey, AZ, pro se.

Charles E. Holland, Ashburn, VA, pro se.

William R. Madden, Mahomet, IL, pro se.

Henry Ontiveros, Roanoke, TX, pro se.

Marcia Berman, Adam D. Kirschner, Brian G. Kennedy, Lisa Zeidner Marcus, Tim H. Nusraty, William B. Jaffe, U.S. Department of Justice, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD W. ROBERTS, District Judge.

Federal flight service air traffic controllers sued alleging that the government committed age discrimination by outsourcing their jobs and terminating their federal employment. Three former plaintiffs, Frank Matkins, Henry Ontiveros and Janice Teed–Wilson, who were dismissed from this case for failure to respond to a show cause order directed at plaintiffs who had failed to respond to discovery requests and

inquiries from plaintiffs' counsel, move for reconsideration. Because the movants do not show that justice requires reconsideration, their motions will be denied.

## BACKGROUND

Plaintiffs filed this action on March 31, 2005, in response to the defendants' February 2005 announcement that it would outsource their jobs and terminate their federal employment effective on October 3, 2005. Plaintiffs allege age discrimination by the FAA and its parent agency, the Department of Transportation. On June 8, 2007, plaintiffs' counsel moved to withdraw as counsel from representing 714 of the 912 plaintiffs involved in this case. Plaintiffs' counsel asserted that on February 16, 2007, they mailed a letter to all of the plaintiffs that counsel represented, asking that the plaintiffs decide whether to continue in the case as active plaintiffs, continue in the case without being represented by plaintiffs' counsel, or request dismissal from the case. Approximately 700 plaintiffs failed to respond to this letter. (Pls.' Counsels' Mot. to Withdraw as Counsel for 714 Pls. ("Mot. to Withdraw") at 2–3.) On April 17, 2007, plaintiffs' counsel sent another letter to the plaintiffs who failed to respond to the first letter, enclosing defendants' discovery requests for response. Approximately 694 plaintiffs failed to respond to this letter. (Mot. to Withdraw at 3–4.) Plaintiffs' counsel's motion to withdraw was granted for twenty plaintiffs who specifically declared that they wanted to proceed pro se, and denied as to all other remaining plaintiffs. (Minute Order, September 14, 2007.) However, on November 8, 2007, the plaintiffs who had not responded to counsel or who had not responded to defendants' discovery requests, were ordered to show cause in writing by November 29, 2007, why they should not be dismissed from the case. (Order to Show Cause, November 8, 2007.) That order warned that a plaintiff's failure to file a timely response with the Clerk would result in that plaintiff and his or her claims being dismissed from this action.[2] On May 30, 2008, an order was entered dismissing the plaintiffs, including Matkins, Ontiveros and Teed–Wilson, who failed to respond to the order to show cause.[3] Matkins, Ontiveros and Teed–Wilson now seek reinstatement.

## DISCUSSION

 Under Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). Under Rule 54(b), a trial court may grant reconsideration "as justice requires." *Campbell v. U.S. Dept. of Justice*, 231 F.Supp.2d 1, 7 (D.D.C.2002). However, in order to promote finality, predictability and economy of judicial resources, "as a

2. The Order was unambiguous. It stated, in relevant part: "Each plaintiff listed in the Appendix to this Order is directed to show cause in writing by November 29, 2007, why his or her claim should not be dismissed from this case for failure to respond to defendants' discovery demands and/or failure to communicate with his or her counsel. A plaintiff's failure to file a timely response with the Clerk of Court for the United States District Court for the District of Columbia ... will result in that plaintiff and his or her claims being dismissed from this action." (Order to Show Cause, November 8, 2007 at 1.)

3. Thirty-three plaintiffs who either responded to orders to show cause, or whose mailed orders to show cause were returned as undeliverable, remained in the case.

rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Lederman v. United States,* 539 F.Supp.2d 1, 2 (D.D.C.2008) (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). Reconsideration may be warranted where there was a patent misunderstanding of the parties, where a decision was made that exceeded the issues presented, where a court failed to consider controlling law, or where a significant change in the law occurred after the decision was rendered. *Singh v. George Washington Univ.,* 383 F.Supp.2d 99, 101 (D.D.C.2005). The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied. *In Def. of Animals v. Nat'l Insts. of Health,* 543 F.Supp.2d 70, 76 (D.D.C.2008).

■■■ " 'When circumstances make such action appropriate,' a district court may dismiss an action on its own motion because of a party's failure to comply with court orders designed to ensure orderly prosecution of the case." *Bristol Petroleum Corp. v. Harris,* 901 F.2d 165, 167 (D.C.Cir.1990) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)); *see also Wrenn v. Walters,* 851 F.2d 1502 (D.C.Cir.1988) (upholding dismissal of action for plaintiff's failure to appear at scheduled court date); *cf. Mikkilineni v. Penn Nat'l Mut. Cas. Ins. Co.,* 271 F.Supp.2d 151, 154–156 (D.D.C.2003) (upholding the dismissal of a pro se litigant's case for malfeasance). Plaintiffs are expected to use reasonable diligence in participating in litigation, and plaintiffs are expected to maintain communication with their counsel. *See Ake v. Mini Vacations, Inc.,* 174 F.R.D. 110, 112 (M.D.Fla.1997) (denying plaintiff's motion for relief from judgment dismissing her claim for failing to respond to an order to show cause, because plaintiff "had a duty to monitor the progress of the case, communicate with her attorney, and to inquire of the Court as to the status of her case in the event she is unable to contact her attorney"); *see also Bomate v. Ford Motor Co.,* 761 F.2d 713, 714 (D.C.Cir.1985) (affirming dismissal where a plaintiff failed to cooperate with her lawyers and failed to comply with a pretrial order, and where the trial court warned plaintiff of the consequences of further delays in the pretrial process); *Killingham v. Dist. of Columbia Serv. for Independent Living, Inc.,* Civil Action No. 87–2713(JGP), 1998 WL 1148899, at *7 (D.D.C.1998)(a diligent client may reasonably rely on counsel, but a party may not "remain ignorant of a pending matter in the hope that" the matter will be resolved in its favor). "At a certain point, a defendant ought to be freed of the anxiety of litigation that a plaintiff has failed to diligently pursue." *Williams v. Dist. of Columbia Water Auth.,* Civil Action No. 01–2110(RWR), 2005 WL 1241129, at *3 (D.D.C. May 24, 2005) (dismissing plaintiff's action where plaintiff failed to engage in discovery for a period of approximately 42 months).

■■■ Here, no movants show that the initial decision to dismiss them from the case for failing to respond to the order to show cause was erroneous, exceeded the issues presented, or failed to consider controlling law, or that there was a significant change in the law that occurred after the decision. While all three movants claim that they did not receive the order[4] (or

---

**4.** Matkins does not explain why he did not

receive the order to show cause, other than to

that they were unaware of the order they did receive), none of them provides any justification for failing to stay in communication with plaintiffs' counsel to monitor the progress of the litigation and learn of their obligation to respond to the order to show cause in a timely fashion. The obligation to assure that an attorney has current information about how to promptly and successfully contact a client rests with the client, not with the attorney. The same is true with respect to pro se parties keeping a court informed of the party's address and telephone number. *See* LCvR 5.1(e)(1). Unfortunately for the movants here, they did not abide by their obligations. The motions to reconsider will be denied.

### CONCLUSION AND ORDER

Because Matkins, Ontiveros, and Teed–Wilson do not demonstrate that justice requires granting their motions for reconsideration, it is hereby

ORDERED that their motions [203, 213, 234] for reconsideration of the order dismissing them from the case be, and hereby are, DENIED. The Clerk shall mail a copy of this order to each of the three movants. It is further

ORDERED that the Clerk substitute as a defendant Ray H. LaHood for Mary E. Peters.

assert that he did not receive other mail from plaintiffs' counsel. (Matkins Mot. for Modification, at 2.) Ontiveros seems to claim that as a result of falling victim to mail fraud, he instructed his mother (who was apparently tasked with receiving his mail) to throw out "official-looking letters." (Ontiveros' Mot. for Recons. at 3.) Teed–Wilson claims that she did not receive the letter because she moved several times between 2006 and 2008, and because she went through a divorce. (Teed–Wilson's Mot. for Recons. at 3–4.) Nothing in the record indicates that plaintiffs' counsel failed to serve these plaintiffs with the order to show cause, or that the mailings to them were returned as undeliverable.