NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT EARL JOHNSON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ROY GONZALES; et al., <br><br> Defendants-Appellees. | No. 16-35025 <br><br> D.C. No. 4:15-cv-05034-EFS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Robert Earl Johnson, a Washington state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First

Amendment retaliation claims.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015) (dismissal

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Johnson's action because Johnson failed to allege facts sufficient to show causation and the absence of a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (for a retaliation claim, plaintiff bears the burden of pleading and ultimately proving absence of legitimate correctional goal).

The district court did not abuse its discretion in denying Johnson's motion for reconsideration because Johnson failed to demonstrate any basis for relief. *See Sch. Dist. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The district court did not abuse its discretion in denying Johnson's motion to hold his action in abeyance to permit Johnson to exhaust new grievances because district courts have "broad inherent powers to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986); *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (setting forth standard of review).

16-35025

We do not consider Johnson's contentions relating to Washington Department of Corrections Policy 450.100 because Johnson did not replead this claim in his amended complaint. *See Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 973 n.14 (9th Cir. 2013) (for claims dismissed with leave to amend, claims are waived if a plaintiff does not replead them).

**AFFIRMED.**